IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1996 SESSION



FILED

March 24, 2008

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE, | ) | |
| | ) | No. 02-C-01-9512-CR-00393 |
| | ) | |
| | ) | Shelby County |
| v. | ) | |
| | ) | Joseph B. Dailey, Judge |
| | ) | |
| | ) | (Sentencing) |
| THOMAS H. ALDRIDGE, | ) | |
| | ) | |
| APPELLANT. | ) | |

FOR THE APPELLANT:

Marvin E. Ballin
Attorney at Law
200 Jefferson Avenue, Suite 1250
Memphis, TN 38103

Mark A. Mesler
Attorney at Law
200 Jefferson Avenue, Suite 1250
Memphis, TN 38103

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Clinton J. Morgan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

John W. Pierotti
District Attorney General
201 Poplar Avenue, Third Floor
Memphis, TN 38103

Terrell L. Harris
Assistant District Attorney General
201 Poplar Avenue, Third Floor
Memphis, TN 38103

OPINION FILED:_____

AFFIRMED

Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Thomas H. Aldridge, was convicted of driving while under the influence, a Class A misdemeanor, leaving the scene of an accident, a Class A misdemeanor, and driving after having been declared a habitual vehicle offender, a Class E felony, following his pleas of guilty to these offenses. The trial court imposed the following sentences pursuant to the plea bargain agreement:

a.) Driving while intoxicated, a fine of $500 and confinement for thirty (30) days in the Shelby County Correctional Center, twenty-eight days of the sentence was suspended;

b.) Leaving the scene of an accident, a fine of $500; and

c.) Driving after having been declared a habitual vehicle offender, a Range I, standard offender sentence consisting of a $500 fine and confinement for one (1) year in the Shelby County Correctional Center.

One issue is presented for review. The appellant contends the trial court abused its discretion by refusing to sentence him pursuant to the Tennessee Community Corrections Act. Tenn. Code Ann. § 40-36-101, et. seq. After a thorough review of the record, the briefs submitted by the parties, and the authorities which govern the issue presented for review, it is the opinion of this Court that the judgment of the trial court should be sustained.

The State of Tennessee contends the appellant has waived his right to appeal. The fallacy in the State's argument is that the waiver of the right to appeal is limited to the agreed sentences. In this case, the question of whether the appellant should be sentenced pursuant to the Community Corrections Act was not part of the plea bargain agreement. The agreement states: "Suspension of the Defendant's sentence is. . .[t]o be determined by the Court, after a hearing." In short, the appellant was entitled to appeal as of right the issue presented for review. The decisions cited by the State of Tennessee are factually distinguishable.

Based upon a de novo review of the record pursuant to Tenn. Code Ann. § 40-35-401(d), the trial court did not abuse its discretion by refusing to sentence the appellant pursuant to the Community Corrections Act. The appellant candidly admitted he has been

addicted to drugs for twenty years. He has been in a methadone program for years.

The appellant has an extensive record. It spans a period of twenty years. He was arrested for a theft-related offense in 1974. The present offenses occurred in 1994. He has been convicted of theft under $500, reckless driving, leaving the scene of an accident, driving while under the influence, driving while his license was either revoked or suspended, possession of a controlled substance, two counts, possession of a legend drug, and carrying a deadly weapon. The appellant admitted he had driven a motor vehicle on numerous occasions after being declared a habitual motor offender. Each time he drove a motor vehicle after the entry of the order constituted a separate criminal offense.

The appellant has been granted probation on several occasions. This largesse has not helped the appellant to reform his proclivity to commit criminal offenses. If the appellant is left in the community, the appellant will continue to commit criminal acts. The appellant's prior criminal history supports this conclusion.

The State of Tennessee overcame the presumption of suitability for an alternative sentence. Therefore, the judgment of the trial court is affirmed.

_____

JOE B. JONES, PRESIDING JUDGE

CONCUR:

_____

JOSEPH M. TIPTON, JUDGE

_____

JERRY L. SMITH, JUDGE